### THEO. SCRIVNER v. CITY OF PARIS.

#### Decided April 17, 1901.

**Damages—Injury to Land by Sewer—Practice on Appeal.**

Plaintiff sued a city in damages for permanent injury to his land caused by noxious vapors arising from a city sewer farm, and the evidence being conflicting and sufficient to warrant a verdict in the city's favor on the ground that the sewer farm was a public necessity and skillfully constructed, and that plaintiff's land was not damaged thereby, the judgment will not be disturbed on appeal.

Error from Lamar. Tried below before Hon. E. S. Chambers.

*Hale & Hale* and *E. W. Fagan,* for appellant.

*J. G. Dudley* and *Dudley & Moore,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was originally brought March 17, 1896, by appellant to recover certain special damages, as well as permanent damages to his land, caused by the construction and operation by the city of a sewer. Subsequently, February 18, 1897, appellant deeded to the city a piece of land adjoining his farm, for the purpose of constructing and maintaining thereon a sewer farm. In the deed made by appellant is the following clause: "It is expressly understood and agreed that by executing the deed Scrivner did not waive any right or cause of action then pending against the city, or anyone else, by reason of the city sewer and its operation, or the operation of anything connected with it or in conjunction with it."

On September 29, 1897, plaintiff amended his petition, "abandoning his suit for permanent injury to his land, and claiming $1700 for temporary damages, sickness of family, and digging pool." The case was tried on plaintiff's amended petition, filed October 7, 1899, in which he sought a recovery alone for permanent injury to his land, and judgment rendered for the city.

The evidence shows that the city first built its sewer system in September, 1894, which emptied into Baker's Branch. After this suit was originally instituted, the city extended the sewer to the land sold it by plaintiff, and upon which it erected the sewer farm. The sewer was constructed across plaintiff's land, he giving the right of way. The sewer farm was skillfully constructed, and is a public necessity.

The plaintiff alleges permanent injury to his land, caused by the

noxious, unwholesome, and sickening vapors which arise from said sewer farm, and which pass over and across his farm, into and around the residence situated on his farm, etc. On this point the evidence is conflicting, but there was sufficient evidence to warrant the verdict of the jury, which is, in effect, that the sewer farm did not emit such vapors, and that plaintiff's land was not damaged thereby.

We have carefully considered the various assignments of error, and in our opinion none are well taken, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.